Kristina N. Girard, California Bar Number 236762
**The Jackson Law Firm, P.A.**
1901 1st Avenue, Suite 208
San Diego, California 92101-2382
Telephone: 619-663-5620
Facsimile: 619-663-5621
E-Mail: kgirard@jacksonlawfirm.net

Michael R. Jackson, Florida Bar No. 0161632
*Pro Hac Vice Admission Granted*
Bonnie J. Jackson, Florida Bar No. 0162272
*Pro Hac Vice Admission Pending*
**The Jackson Law Firm, P.A.**
1201 S. Orlando Avenue, Suite 201
Winter Park, Florida 32789
Telephone: 321-972-8820
Facsimile: 321-972-8821
Email:  mjackson@jacksonlawfirm.net

*Attorneys for Plaintiff, Yvonne Edith Maria Schumacher*
*Pro hac vice admission*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Yvonne Edith Maria Schumacher, | **Case No.: 4:15-cv-05734-CW** |
| Plaintiff, | |
| v. | |
| Airbnb, Inc., a foreign corporation, and Fariah Hassim and Jamil Jiva, individually, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

Plaintiff, YVONNE EDITH MARIA SCHUMACHER, through undersigned counsel,

sues Defendants, AIRBNB, INC. and FARIAH HASSIM and JAMIL JIVA, and for her complaint alleges and avers the following:

## JURISDICTION, PARTIES, AND VENUE

1.      Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the amount in controversy as set forth herein.

2.      The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a foreign state and citizens of a territorial state of the United States, thereby establishing original jurisdiction pursuant to 28 U.S.C. § 1332.

3.      Plaintiff, Yvonne Edith Maria Schumacher, who is suis juris, resides in and is a citizen of The Federal Republic of Germany.

4.      Defendant, Airbnb, Inc., is a Delaware corporation with its principal place of business located at 888 Brannan Street, San Francisco, 94103, San Francisco County, California.

5.      Accordingly, pursuant to 28 U.S.C. § 1332, Defendant, Airbnb, Inc., is, for purposes of Federal jurisdiction, a citizen of California.

6.      Defendant, Airbnb, Inc., at all relevant times conducted and continues to regularly conduct business in California, thereby subjecting itself to the personal jurisdiction of this Court.

7.      Defendants, Fariah Hassim and Jamil Jiva, are suis juris and, upon information and belief, are believed to be residents of the State of California and France, thus ensuring that diversity of citizenship is maintained and subjecting them to the jurisdiction of this Court.

8.      Original jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. § 1331, based upon the federal question contained herein, and, even absent diversity of citizenship, the Court would have supplemental jurisdiction to hear the remaining state law claims.

9.      Given the location of Airbnb, Inc.'s principal place of business, venue is proper in the Northern District of California, pursuant to 28 U.S.C. § 1391.

## **FACTUAL ALLEGATIONS**

10.      At all relevant times, Airbnb, Inc. (hereinafter referred to as "Airbnb") held and continues to hold itself out to the public as "a trusted community marketplace for people to list, discover, and book unique accommodations around the world."

11.      Essentially, Airbnb provides a service to the public for financial remuneration whereby they connect lessors of real property or "hosts", i.e., individuals who own or are in possession of single family homes, apartments, etc., with third parties, lessees, intending to rent these properties.

12.      In doing so, Airbnb:

  a)      solicits listings of places for rent;

  b)      creates a platform whereby third parties may view a property by showcasing the property online, thereby soliciting for prospective tenants;

  c)      creates a sense, albeit a false one, of trust and safety as between the parties;

  d)       serves as the broker as between the host and third party for the rental of these properties;

  e)      collects the applicable fees for the host; and

  f)      addresses any problems that arise with respect to the rental of the properties.

13.      Despite engaging in these enumerated activities, Airbnb does not hold a broker's license in compliance with section 10130 of California's Business and Professions Code.

14.     Moreover, and at all relevant times, in establishing an individual as a lessor within the Airbnb system, little to no effort is undertaken by Airbnb by way of a vetting process with respect to these hosts to ensure the safety and welfare of the third parties renting properties through Airbnb.

15.     As a general proposition and at all relevant times in the instant matter, Airbnb:

a)      fails/failed to engage in any meaningful background checks of the lessors;

b)      fails/failed to adequately and fully verify personal details of the lessors;

c)      fails/failed to verify information and details about the property being rented out by the lessors; and

d)      fails/failed to put into place policies and procedures to protect the common law, constitutionally, and statutorily protected rights of privacy and seclusion and quiet enjoyment of the leased premises, free from trespass, of the third parties renting the properties through Airbnb.

16.     At all relevant times, Defendants, Fariah Hassim and Jamil Jiva, (hereinafter referred to as "the Lessors") were the lawful occupiers of an apartment at 11401 Spectrum, Irvine, California 92618 (hereinafter referred to as "the property") that they rented to third parties through Airbnb.

17.     At all relevant times, Kevin Stockton (hereinafter referred to as "Mr. Stockton"), a resident of the state of California, was one such third party, who booked the property through Airbnb for a defined rental period through Airbnb's secured website utilizing his personal Airbnb account while in California.

18.     The length of the rental period was to span from December 16, 2013 to January 12, 2014.

19.     No written agreement existed with the Lessors.  Instead, the rental of the property was conducted strictly through Airbnb.

20.     Thus, the booking and payment of the property was made solely by Mr. Stockton through the Airbnb platform, utilizing his personal Airbnb account.

21.     Plaintiff, Yvonne Edith Maria Schumacher (hereinafter referred to as "Mrs. Schumacher" or "Plaintiff"), accepted an invitation to stay at the property, which was extended by Mr. Stockton for the term of the rental period.

22.     As such, Mr. Stockton and Mrs. Schumacher became lawful occupants of the property for the defined rental period.

23.     Notably, Mrs. Schumacher possesses limited English skills, and she was in Germany while Mr. Stockton was booking and paying for the property in California.

24.     Airbnb, as operator, manager, agent, and/or entity in full or joint control of the leasing process of the property, owed a duty to Mrs. Schumacher to exercise reasonable care under the circumstances to avoid causing personal injury and to comply with the California Code as it relates to rental properties.

25.     At no time did Airbnb or the Lessors inform Mrs. Schumacher that a video camera was located in the living room of the property or that it was being controlled from a remote location in order to observe and listen to Mrs. Schumacher and Mr. Stockton during their stay within the property.

26.     Consequently, Mrs. Schumacher arrived at the property on December 16, 2013, not knowing that while she stayed at this property, her privacy would be violated on a daily basis.

27.     What Mrs. Schumacher did discover upon arrival was that the property was quite

filthy.  A complaint was made concerning the condition of the property in that respect.

28.     Notably, while staying at the property, at night Mrs. Schumacher would sleep without any clothing, believing that with the front door closed and the window blinds drawn throughout the property, she was protected and free from prying eyes.  This natural presumption proved to be incorrect.

29.     Inasmuch as the master bathroom was so filthy, Mrs. Schumacher used the bathroom for the guest room, meaning that she walked naked through the apartment from the master bedroom to the guest bathroom.

30.     In doing so, she walked within full view of the property's living room.

31.     In addition, Mrs. Schumacher spent a significant amount of time in the living room of the property.

32.     In doing so, Mrs. Schumacher and Mr. Stockton discussed many highly personal matters, which included financial matters, the nature of their relationship, and, essentially, private and intimate details that a couple discusses in private.

33.     In the living room of the property, there is a shelf with a number of items contained on it.  Hidden between some candles stood what was later discovered by the couple to be a remote-controlled camera.

34.     Mrs. Schumacher had looked at the various items on the shelf during her stay, but did not realize that the shelf contained a small, remote-controlled camera, capable of capturing the full spectrum of the living room and the area between the master bedroom and the guest bathroom within its view.  Nor did she realize that there was a device contained on the shelf that was capable of capturing audio sounds made within the property.

35.     On the third day of the rental period, Mr. Stockton noticed a light coming from

the shelf and went to investigate the source of the light.

36.    As Mr. Stockton is employed in the Information and Technology field, he immediately realized not only that the device was a camera but that it was on and fully operational.  Further, he was able to ascertain that the camera had a significant view angle.

37.    Moreover, Mr. Stockton ascertained that the camera was the type of camera capable of recording audio, i.e. audible sounds, and capturing video-graphic imagery at night.

38.    The couple discovered that the camera was actually moving, demonstrating that it was being remotely controlled by the camera's operator.

39.    Further, certain events demonstrate that the oral communications by and with Mrs. Schumacher within the property were intercepted by the Lessors via the use of the camera.

40.    The couple complained to Airbnb and moved out of the property.

41.    Mrs. Schumacher is deeply humiliated and angry about the fact that the camera was and/or could have been used to spy upon her while she was completely undressed and walking around within the property.  Moreover, she has been and continues to be concerned that images of her exist in electronic form and could make their way onto the Internet or some other medium.

42.    Further, Mrs. Schumacher is also embarrassed and angry that her personal and intimate conversations were and/or could have been spied upon by the operator of the camera.

43.    Mrs. Schumacher remains very much concerned to this day about her level of privacy when staying in a property not her own, and this concern has negatively impacted her level of enjoyment in travel-related activities.

44.    Upon information and belief, it is believed that the Lessors operated the camera located within the property from a remote location.

45.     Following the incident, Airbnb continued to allow the Lessors to rent out their property through the Airbnb portal.

46.     Plaintiff, Mrs. Schumacher, timely files this action against Airbnb and the Lessors of the property.

## COUNT I

### Common Law Negligence of Airbnb, Inc.

47.     Paragraphs 1 through 46 are realleged as though fully set forth herein.

48.     Defendant Airbnb created a business enterprise whereby they lease, offer to lease, place for rent, solicit listings of places for rent, solicit prospective tenants and/or collect rent from real property in exchange for financial remuneration.

49.     Airbnb's business enterprise depends upon bringing two or more parties together for the purpose of leasing a particular piece of property.

50.     This affirmative act by Airbnb of bringing lessors and lessees of real property together through its Internet portal places upon Airbnb an obligation of ordinary care.

51.     In failing to engage in little, if any, investigation of lessors before allowing lessors to post their property on the Internet portal, Airbnb created and continues to create a foreseeable risk of harm to parties such as this Plaintiff who rely upon Airbnb's assertion that it has created "a trusted community marketplace for people to list, discover, and book unique accommodations around the world."

52.     In this instance, Airbnb, upon information and belief, conducted no background investigation of the Lessors, nor did the Defendant engage in any reasonable evaluation of these Lessors prior to posting their property upon the Internet portal, nor did Airbnb have reasonable policies and procedures in place in order to protect lessees who would give consideration to the

rental of Lessors' property and any individuals who would stay at the property.

53.   Such failure created a foreseeable risk of harm from the Lessors for this Plaintiff, and, in fact, Plaintiff was subjected to a hostile, intimidating, and humiliating environment during her stay within the property.

54.   Airbnb breached its obligation of ordinary care for these delineated reasons.

55.   Airbnb's conduct was offensive and objectionable to a reasonable person.

56.   As a direct and proximate result of Airbnb's misfeasance, Plaintiff has suffered special damages to be proven at the time of trial.

57.   As a direct and proximate result of Airbnb's misfeasance, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

58.   Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT II

### Negligence Per Se of Airbnb, Inc. for Violation of § 10130

59.   Paragraphs 1 through 46 are realleged as though fully set forth herein.

60.   Airbnb leased, offered to lease, placed for rent, solicited listings of places for rent, solicited prospective tenants and/or collected rent from real property, thereby falling within the definition of a real estate broker within § 10131 of the California Business and Professions Code.

61.     Real estate brokers must be licensed in the State of California pursuant to § 10130 of the California Business and Professions Code.

62.     The purpose of these statutes, i.e., the statutes requiring those falling within the definition of a broker to hold a broker's license, is to protect the public from incompetent and untrustworthy individuals engaging in the enumerated activities within the real estate field.

63.     Plaintiff falls within the class of people sought to be protected by these aforementioned statutes.

64.     Despite engaging in the activities delineated within § 10131 of the California Business and Professions Code, Airbnb does not hold a broker's license pursuant to § 10130 of the California Business and Professions Code.

65.     In fact, Airbnb's unlicensed actions are prohibited under § 10130 of the California Business and Professions Code.

66.     In failing to engage in little, if any, investigation of lessors before allowing lessors to post their property on the Internet portal, Airbnb created and continues to create a foreseeable risk of harm to parties such as this Plaintiff who rely upon Airbnb's assertion that it has created "a trusted community marketplace for people to list, discover, and book unique accommodations around the world."

67.     In this instance, Airbnb, upon information and belief, conducted no background investigation of the Lessors, nor did the Defendant engage in any reasonable evaluation of these Lessors prior to posting their property upon the Internet portal, nor did Airbnb have reasonable policies and procedures in place in order to protect lessees who would give consideration to the rental of Lessors' property and any individuals who would stay at the property.

68.     Such failure created a foreseeable risk of harm from the Lessors for this Plaintiff,

and, in fact, Plaintiff was subjected to a hostile, intimidating, and humiliating environment during her stay within the property.

69.     Such unscrupulous conduct lies at the heart of protecting the public from unlicensed individuals and/or companies carrying on activities that fall within the role of a licensed broker.

70.     Airbnb's conduct was offensive and objectionable to a reasonable person.

71.     As a direct and proximate result of Airbnb's failure to adhere to state licensing requirements, Plaintiff has suffered special damages to be proven at the time of trial.

72.     As a direct and proximate result of Airbnb's failure to adhere to state licensing requirements, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

73.     Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT III

### Violation of 18 U.S.C. § 2511 by Fariah Hassim and Jamil Jiva

74.     Paragraphs 1 through 46 are realleged as though fully set forth herein.

75.     Defendants, Fariah Hassim and Jamil Jiva, upon information and belief, and via use of the camera within the property, intentionally intercepted and/or endeavored to intercept

the oral communications of the Plaintiff while a staying in the property.

76.     Plaintiff had a reasonable expectation of privacy while staying in the property.

77.     Such interception and/or attempts to intercept the oral communications of the Plaintiff are specifically prohibited pursuant to 18 U.S.C. § 2511.

78.     Oral communications are defined by the relevant United States statute as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation" as defined within 18 U.S.C. § 2510.

79.     A civil claim for such wrongful conduct is authorized pursuant to 18 U.S.C. § 2520.

80.     Recoverable damages include monetary damages, punitive damages, and reasonable attorney's fees and litigation costs.

81.     As a direct and proximate result of Lessors' violation of federal law, Plaintiff has suffered special damages to be proven at the time of trial.

82.     As a direct and proximate result of Lessors' violation of federal law, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

83.     Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of

suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

**COUNT IV**

**Constructive Invasion of Privacy under § 1708.8**
**by Fariah Hassim and Jamil Jiva**

84.     Paragraphs 1 through 46 are realleged as though fully set forth herein.

85.     California Civil Code §1708.8(b) provides that "[a] person is liable for constructive invasion of privacy when the defendant attempts to capture, in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a private, personal or familial activity, through the use of any device, regardless of whether there is a physical trespass, if this image, sound recording, or other physical impression could not have been achieved without a trespass unless the device was used."

86.     Lessors' conduct, in observing and/or capturing visual images and/or audio recordings, as well as physical impressions of the Plaintiff engaging in private, personal or familial activity was a clear violation of this statute.

87.     Lessors' conduct was offensive and objectionable to a reasonable person.

88.     As a proximate and direct result of Lessors' violation of such statute, Plaintiff has suffered special damages to be proven at the time of trial.

89.     As a proximate and direct result of Lessors' violation of such statute, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

90.     Plaintiff, upon information and belief, alleges that Lessors committed the acts

delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights.

Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT V

### Constructive Invasion of Privacy under § 1708.8
### By Airbnb, Inc.

91.     Paragraphs 1 through 46 are realleged as though fully set forth herein.

92.     Lessors engaged Airbnb to rent their property out to third parties on their behalf.

93.     Airbnb, through its web-platform, entered into a contractual obligation with third party Mr. Stockton relative to the property of the Lessors.

94.     In doing so, Airbnb acted as operator, manager, and/or entity in full or joint control of the leasing process of the property and/or, at minimum, acted as the agent of the Lessors.

95.     As such, Airbnb stood in the shoes of the Lessors and had a responsibility to provide to Mr. Stockton and any invitee a property that was free of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

96.     Specifically, California Civil Code §1708.8(b) provides that "[a] person is liable for constructive invasion of privacy when the defendant attempts to capture, in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a private, personal or familial activity, through the use of any device, regardless of whether there is a physical trespass, if this image, sound recording, or

other physical impression could not have been achieved without a trespass unless the device was used."

97.     Lessors' conduct, in observing and/or capturing visual images and/or audio recordings, as well as physical impressions of the Plaintiff engaging in private, personal or familial activity was a clear violation of this statute.

98.     By failing to ensure that the Lessors' property did not contain such electronic devices, Airbnb tacitly allowed Lessors to violate this statute and cause damage to individuals utilizing Airbnb's platform and services, as well as to any invitees on the property.

99.     Airbnb further violated Plaintiff's right of privacy by failing to disclose the presence in the property of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

100.     Airbnb's conduct was offensive and objectionable to a reasonable person.

101.     As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered special damages to be proven at the time of trial.

102.     As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

103.     Plaintiff, upon information and belief, alleges that Airbnb committed the acts of commission or omission delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights.  Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT VI

### Common Law Invasion of Privacy by Fariah Hassim and Jamil Jiva

104.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

105.    At all times relevant herein, Plaintiff had a legally protected right of privacy while staying within Lessors' property.

106.    A lessor has the obligation of securing the quiet enjoyment of lessees and invitees against all lawful claimants, including against the lessor himself/herself.

107.    Lessors violated Plaintiff's right of privacy by virtue of their aforementioned delineated actions.

108.    Lessors' conduct was offensive and objectionable to a reasonable person.

109.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered special damages to be proven at the time of trial.

110.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

111.    Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of

suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT VII

### Common Law Invasion of Privacy by Airbnb, Inc.

112.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

113.    Lessors engaged Airbnb to rent their property out to third parties on their behalf.

114.    Airbnb, through its web-platform, entered into a contractual obligation with third party Mr. Stockton relative to the property of the Lessors.

115.    In doing so, Airbnb acted as operator, manager, and/or entity in full or joint control of the leasing process of the property and/or, at minimum, acted as the agent of the Lessors.

116.    As such, Airbnb stood in the shoes of the Lessors and had a responsibility to provide to Mr. Stockton and any invitee a property that was free of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

117.    At all times relevant herein, Plaintiff had a legally protected right of privacy while staying within Lessors' property.

118.    A lessor and his/her agent, as well as the operator, manager, and/or entity in full or joint control of the leasing process of the property, have the obligation of securing the quiet enjoyment of lessees and invitees against all lawful claimants, including against the lessor himself/herself.

119.    By failing to ensure that the Lessors' property did not contain such electronic devices, Airbnb tacitly allowed Lessors to violate right to privacy of and cause damage to individuals utilizing Airbnb's platform and services, as well as to any invitees on the property.

120.    Airbnb further violated Plaintiff's right of privacy by failing to disclose the presence in the property of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

121.    Airbnb's conduct was offensive and objectionable to a reasonable person.

122.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered special damages to be proven at the time of trial.

123.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

124.    Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

### COUNT VIII

**Invasion of Privacy under the California
Constitution, Article I, s. 1 by Fariah Hassim and Jamil Jiva**

125.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

126.    At all times relevant herein, Plaintiff had a legally protected right of privacy under the California Constitution while staying within Lessors' property.

127.    A lessor has the obligation of securing the quiet enjoyment of lessees and invitees

against all lawful claimants, including against the lessor himself/herself.

128.    Lessors violated Plaintiff's right of privacy by virtue of their aforementioned delineated actions.

129.    Lessors' conduct was offensive and objectionable to a reasonable person, and amounted to a serious invasion of Plaintiff's constitutionally protected privacy interests.

130.    Lessors had no competing or compelling interest in viewing Plaintiff in the property during the rental period and/or recording video-graphically or via audio recording what was transpiring within the property during the rental period.

131.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered special damages to be proven at the time of trial.

132.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

133.    Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

### COUNT IX
### Invasion of Privacy under the California
### Constitution, Article I, s. 1 by Airbnb, Inc.

134.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

135.    Lessors engaged Airbnb to rent their property out to third parties on their behalf.

136.    Airbnb, through its web-platform, entered into a contractual obligation with third party Mr. Stockton relative to the property of the Lessors.

137.    In doing so, Airbnb acted as operator, manager, and/or entity in full or joint control of the leasing process of the property and/or, at minimum, acted as the agent of the Lessors.

138.    As such, Airbnb stood in the shoes of the Lessors and had a responsibility to provide to Mr. Stockton and any invitee a property that was free of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

139.    At all times relevant herein, Plaintiff had a legally protected right of privacy while staying within Lessors' property.

140.    A lessor and his/her agent, as well as the operator, manager, and/or entity in full or joint control of the leasing process of the property, have the obligation of securing the quiet enjoyment of lessees and invitees against all lawful claimants, including against the lessor himself/herself.

141.    By failing to ensure that the Lessors' property did not contain such electronic devices, Airbnb tacitly allowed Lessors to violate right to privacy of and cause damage to individuals utilizing Airbnb's platform and services, as well as to any invitees on the property.

142.    Airbnb further violated Plaintiff's right of privacy by failing to disclose the presence in the property of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

143.    Airbnb's conduct was offensive and objectionable to a reasonable person.

144.   Lessors, and by extension Airbnb, had no competing or compelling interest in viewing Plaintiff in the property during the rental period and/or recording video-graphically or via audio recording what was transpiring within the property during the rental period.

145.   As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered special damages to be proven at the time of trial.

146.   As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

147.   Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT X

### Claim Pursuant to § 52.1 against Fariah Hassim and Jamil Jiva

148.   Paragraphs 1 through 46 are realleged as though fully set forth herein.

149.   A lessor has the obligation of securing the quiet enjoyment of lessees and invitees against all lawful claimants, including against the lessor himself/herself.

150.   By using the camera to spy upon the private and personal activities of Plaintiff while staying in the property, the actions of the Lessors were intimidating in nature and directly interfered with the peaceable exercise and enjoyment of the property, as secured through the

California Constitution and the United States Constitution.

151.    In doing so, Lessors' actions were in direct contravention of § 52.1 of the California Civil Code.

152.    Airbnb's conduct was offensive and objectionable to a reasonable person.

153.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered special damages to be proven at the time of trial.

154.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

155.    Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

156.    Under the pertinent statute, Plaintiff is entitled to recover reasonable attorney's fees in pursuit of this action.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT XI

### Claim Pursuant to § 52.1 against Airbnb, Inc.

157.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

158.    Lessors engaged Airbnb to rent their property out to third parties on their behalf.

159.    Airbnb, through its web-platform, entered into a contractual obligation with third party Mr. Stockton relative to the property of the Lessors.

160.    In doing so, Airbnb acted as operator, manager, and/or entity in full or joint control of the leasing process of the property and/or, at minimum, acted as the agent of the Lessors.

161.    As such, Airbnb stood in the shoes of the Lessors and had a responsibility to provide to Mr. Stockton and any invitee a property that was free of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

162.    A lessor and his/her agent, as well as the operator, manager, and/or entity in full or joint control of the leasing process of the property, have the obligation of securing the quiet enjoyment of lessees and invitees against all lawful claimants, including against the lessor himself/herself.

163.    By using the camera to spy upon the private and personal activities of Plaintiff while staying in the property, the actions of the Lessors were intimidating in nature and directly interfered with the peaceable exercise and enjoyment of the property, as secured through the California Constitution and the United States Constitution.

164.    In doing so, Lessors' actions were in direct contravention of § 52.1 of the California Civil Code.

165.    By failing to ensure that the Lessors' property did not contain such electronic devices, Airbnb tacitly allowed Lessors to violate the right to quiet enjoyment of and cause damage to individuals utilizing Airbnb's platform and services, as well as to any invitees on the property.

166.    Airbnb further violated Plaintiff's right to quiet enjoyment by failing to disclose the presence in the property of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

167.    Airbnb's conduct was offensive and objectionable to a reasonable person.

168.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered special damages to be proven at the time of trial.

169.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

170.    Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

171.    Under the pertinent statute, Plaintiff is entitled to recover reasonable attorney's fees in pursuit of this action.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT XII

### Unauthorized Entry under § 1954 by Fariah Hassim and Jamil Jiva

172.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

173.    Pursuant to section 1954 of the California Civil Code, a landlord may only come

onto the property of leased premises under certain circumstances, which include emergency, for repairs, abandonment, or court order.

174.    No such exceptions to the statute applied in the instant matter when the Lessors utilized electronic means to view and/or listen to conversations within the property without the permission of the occupants.

175.    By using the electronic device to spy upon the private and personal activities of Plaintiff while staying in the property, the Lessors entered the property in an unauthorized manner.

176.    Each use of the electronic device constituted an unauthorized entry upon the property in violation of section 1954 of the California Civil Code.

177.    Lessor's conduct was offensive and objectionable to a reasonable person.

178.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered special damages to be proven at the time of trial.

179.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

180.    Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT XIII

### Unauthorized Entry under § 1954 by Airbnb, Inc.

181.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

182.    Lessors engaged Airbnb to rent their property out to third parties on their behalf.

183.    In doing so, Airbnb acted as operator, manager, and/or entity in full or joint control of the leasing process of the property and/or, at minimum, acted as the agent of the Lessors.

184.    As such, Airbnb stood in the shoes of the Lessors and had a responsibility to provide to Mr. Stockton and any invitee a property to which the lessor would not gain unauthorized entry during the rental term.

185.    Pursuant to section 1954 of the California Civil Code, a landlord may only come onto the property of leased premises under certain circumstances, which include emergency, for repairs, abandonment, or court order.

186.    No such exceptions to the statute applied in the instant matter when the Lessors utilized electronic means to view and/or listen to conversations within the property without the permission of the occupants.

187.    A lessor and his/her agent, as well as the operator, manager, and/or entity in full or joint control of the leasing process of the property, have the obligation of ensuring compliance with section 1954 of the California Civil Code.

188.    By using the electronic device to spy upon the private and personal activities of Plaintiff while staying in the property, the Lessors entered the property in an unauthorized manner.

189.    Each use of the electronic device constituted an unauthorized entry upon the

property in violation of section 1954 of the California Civil Code.

190.   By failing to ensure that the Lessors' property did not contain such electronic devices, Airbnb tacitly allowed Lessors to violate section 1954 of the California Civil Code and cause damage to individuals utilizing Airbnb's platform and services, as well as to any invitees on the property.

191.   Airbnb further violated Plaintiff's right of privacy by failing to disclose the presence in the property of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity, such that had such disclosure been made, Plaintiff would have had the ability to move out of the property prior to the date following when the electronic device was, in fact, discovered or, frankly, to choose not to stay in the property in the first place.

192.   Airbnb's conduct was offensive and objectionable to a reasonable person.

193.   As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered special damages to be proven at the time of trial.

194.   As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

195.   Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, attorney's fees,

pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT XIV

### Breach of Quiet Enjoyment under § 1927 by Fariah Hassim and Jamil Jiva

196.     Paragraphs 1 through 46 are realleged as though fully set forth herein.

197.     Section 1927 of the California Civil Code secures to the tenant, and by extension an invitee, quiet possession of property that has been leased.

198.     By using the camera to spy upon the private and personal activities of Plaintiff while staying in the property, the actions of the Lessors directly interfered with the peaceable exercise and enjoyment of the property.

199.     In doing so, Lessors' actions were in direct contravention of section 1927 of the California Civil Code.

200.     Lessor's conduct was offensive and objectionable to a reasonable person.

201.     As a proximate and direct result of Lessors' conduct, Plaintiff has suffered special damages to be proven at the time of trial.

202.     As a proximate and direct result of Lessors' conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

203.     Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and

appropriate.

## COUNT XV

### Breach of Quiet Enjoyment under § 1927 by Airbnb, Inc.

204.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

205.    Lessors engaged Airbnb to rent their property out to third parties on their behalf.

206.    In doing so, Airbnb acted as operator, manager, and/or entity in full or joint control of the leasing process of the property and/or, at minimum, acted as the agent of the Lessors.

207.    As such, Airbnb stood in the shoes of the Lessors and had a responsibility to provide to Mr. Stockton and any invitee the peaceable exercise and enjoyment of the property leased during the rental term.

208.    A lessor and his/her agent, as well as the operator, manager, and/or entity in full or joint control of the leasing process of the property, have the obligation of ensuring compliance with section 1927 of the California Civil Code.

209.    By using the electronic device to spy upon the private and personal activities of Plaintiff while staying in the property, the actions of the Lessors directly interfered with the peaceable exercise and enjoyment of the property.

210.    By failing to ensure that the Lessors' property did not contain such electronic devices, Airbnb tacitly allowed Lessors to violate section 1927 of the California Civil Code and cause damage to individuals utilizing Airbnb's platform and services, as well as to any invitees on the property.

211.    Airbnb further interfered with Plaintiff's peaceable exercise and enjoyment of the property by failing to disclose the presence in the property of electronic devices capable of

observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity, such that had such disclosure been made, Plaintiff would have had the ability to move out of the property prior to the date following when the electronic device was, in fact, discovered.

212.    Airbnb's conduct was offensive and objectionable to a reasonable person.

213.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered special damages to be proven at the time of trial.

214.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

215.    Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

**COUNT XVI**

**Trespass by Fariah Hassim and Jamil Jiva**

216.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

217.    The property was leased at all relevant times to Mr. Stockton and, thus, Mr. Stockton and any invitee were in lawful possession of the property.

218.    By using the electronic device to spy upon the private and personal activities of

Plaintiff while staying in the property, the Lessors entered the property in an unauthorized manner and committed trespass upon the property.

219.   Each use of the electronic device constituted an unauthorized entry upon the property.

220.   Lessor's conduct was offensive and objectionable to a reasonable person.

221.   As a proximate and direct result of Lessors' conduct, Plaintiff has suffered special damages to be proven at the time of trial.

222.   As a proximate and direct result of Lessors' conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

223.   Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT XVII

### Trespass by Airbnb, Inc.

224.   Paragraphs 1 through 46 are realleged as though fully set forth herein.

225.   Lessors engaged Airbnb to rent their property out to third parties on their behalf.

226.    In doing so, Airbnb acted as operator, manager, and/or entity in full or joint control of the leasing process of the property and/or, at minimum, acted as the agent of the Lessors.

227.    As such, Airbnb stood in the shoes of the Lessors and had a responsibility to provide to Mr. Stockton and any invitee a property free from trespass during the rental term.

228.    A lessor and his/her agent, as well as the operator, manager, and/or entity in full or joint control of the leasing process of the property, have the obligation of refraining from trespassing upon the property.

229.    By using the electronic device to spy upon the private and personal activities of Plaintiff while staying in the property, the Lessors entered the property in an unauthorized manner and committed trespass upon the property.

230.    Each use of the electronic device constituted an unauthorized entry upon the property.

231.    By failing to ensure that the Lessors' property did not contain such electronic devices, Airbnb tacitly allowed Lessors to trespass upon the property and cause damage to individuals utilizing Airbnb's platform and services, as well as to any invitees on the property.

232.    Airbnb further allowed the trespass to occur upon the property by failing to disclose the presence in the property of electronic devices capable of observing and/or capturing visual images and/or audio recordings, as well as physical impressions, of the Plaintiff engaging in private, personal or familial activity.

233.    Airbnb's conduct was offensive and objectionable to a reasonable person.

234.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered special damages to be proven at the time of trial.

235.    As a proximate and direct result of Airbnb's acts of commission or omission, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

236.    Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, attorney's fees, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## COUNT XVIII

### Intentional Infliction of Emotional Distress by Fariah Hassim and Jamil Jiva

237.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

238.    The use by Lessors of a camera to spy on the Plaintiff while staying within the property, both video-graphically and with respect to oral communications, was conduct that was outrageous in nature.

239.    The utilization by Lessors of a camera capable of capturing video-graphic imagery of the Plaintiff, as well as the capacity to intercept Plaintiff's oral communications, and, in fact, doing so, demonstrates an intention to cause or a reckless disregard of the probability of causing emotional distress to this Plaintiff.

240.    As a result of Lessors' actions, the Plaintiff suffered severe emotional distress.

241.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered special damages to be proven at the time of trial.

242.    As a proximate and direct result of Lessors' conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

243.    Plaintiff, upon information and belief, alleges that Lessors committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Fariah Hassim and Jamil Jiva for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

### COUNT XIX

### Negligent Infliction of Emotional Distress by Airbnb, Inc.

244.    Paragraphs 1 through 46 are realleged as though fully set forth herein.

245.    Defendant Airbnb created a business enterprise whereby they lease, offer to lease, place for rent, solicit listings of places for rent, solicit prospective tenants and/or collect rent from real property in exchange for financial remuneration.

246.    Airbnb's business enterprise depends upon bringing two or more parties together for the purpose of leasing a particular piece of property.

247.    This affirmative act by Airbnb of bringing lessors and lessees of real property together through its Internet portal places upon Airbnb an obligation of ordinary care.

248.    In failing to engage in little, if any, investigation of lessors before allowing lessors to post their property on the Internet portal, Airbnb created and continues to create a foreseeable risk of harm to parties such as this Plaintiff who rely upon Airbnb's assertion that it has created "a trusted community marketplace for people to list, discover, and book unique accommodations

around the world."

249.   In this instance, Airbnb, upon information and belief, conducted no background investigation of the Lessors, nor did the Defendant engage in any reasonable evaluation of these Lessors prior to posting their property upon the Internet portal, nor did Airbnb have reasonable policies and procedures in place in order to protect lessees who would give consideration to the rental of Lessors' property and any individuals who would stay at the property.

250.   Such failure created a foreseeable risk of harm from the Lessors for this Plaintiff, and, in fact, Plaintiff was subjected to a hostile, intimidating, and humiliating environment during her stay within the property.

251.   Airbnb breached its obligation of ordinary care for these delineated reasons, and suffered emotional distress.

252.   Airbnb's conduct was offensive and objectionable to a reasonable person.

253.   As a direct and proximate result of Airbnb's misfeasance, Plaintiff has suffered special damages to be proven at the time of trial.

254.   As a direct and proximate result of Airbnb's misfeasance, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial.

255.   Plaintiff, upon information and belief, alleges that Airbnb committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to recover punitive damages in an amount according to proof.

WHEREFORE, Plaintiff, Yvonne Edith Maria Schumacher, demands judgment be entered against Airbnb, Inc. for money damages, punitive damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

1

<u>**DEMAND FOR JURY TRIAL**</u>

2

    Plaintiff, YVONNE EDITH MARIA SCHUMACHER, hereby demands a trial by jury on

3

all issues so triable.

4

    DATED this 21st day of July, 2016.

5

                                      Respectfully submitted,

6

                    By:    Kristina N. Girard

7

                        California Bar Number 236762
                        **The Jackson Law Firm, P.A.**

8

                        1901 1st Avenue, Suite 208
                        San Diego, California 92101-2382

9

                        Telephone: 619-663-5620
                        Facsimile: 619-663-5621

10

                        E-Mail: kgirard@jacksonlawfirm.net

11

12

                      /s Michael R. Jackson
                      **Michael R. Jackson**

13

                      Florida Bar No. 0161632
                      *Pro Hac Vice Granted*

14

                      **Bonnie J. Jackson**
                      Florida Bar No. 0162272

15

                      *Pro Hac Vice Pending*
                      THE JACKSON LAW FIRM, P.A.

16

                      1201 S. Orlando Avenue, Suite 201
                      Winter Park, Florida 32789

17

                      Telephone: 321-972-8820
                      Facsimile: 321-972-8821

18

                      Email:  mjackson@jacksonlawfirm.net

19

                      *Attorneys for Plaintiff*

20

                      *Pro hac vice admission*

21

22

23

24

25